FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 4 2005

at ___3___ o'clock and __28__ min. _P_ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILLIP DUNN, | ) | CIVIL NO. 04-00755 HG-LEK |
| | ) | CRIMINAL NO. 02-00523 HG-06 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE OR CORRECT SENTENCE
and
DENYING MOTION FOR APPOINTMENT OF COUNSEL
and
DENYING REQUEST FOR DISCOVERY AND EXPANSION OF THE RECORD**

Phillip Dunn ("Movant") pled guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 50 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers which contains cocaine base, also known as "crack cocaine," and cocaine, in violation of 21 U.S.C. §§ 841(a) and 846.

Movant has two prior convictions for drug felonies. Both convictions were final before the indictment in the present case was filed. Defendant's plea of guilty in the present case made him subject to a statutory minimum penalty of life imprisonment without release due to his two prior convictions. 21 U.S.C. § 841(b)(1)(A).

The Government moved for downward departure from the statutory minimum on account of substantial assistance Movant provided the Government. The Court granted the motion at the sentencing hearing. The Court departed from the mandatory minimum to a Base Offense Level of 25, and a Criminal History Category of V. The Guideline range was 100 to 125 months. The Court sentenced Movant to 100 months imprisonment.

Movant presents two arguments in the present habeas motion. First, Movant argues ineffective assistance of counsel because his Criminal History Category at sentencing was computed incorrectly, and counsel did not object or appeal Movant's sentence.

Movant's second argument is that his rights pursuant to the Sixth Amendment of the United States Constitution, as articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004), were violated when the Court determined his Criminal History Category.

Movant requests appointment of counsel for his habeas petition. Movant also requests discovery of government records in other cases.

For the reasons set forth below, the Motion for habeas relief pursuant to 28 U.S.C. § 2255 is DENIED.

The Motion for Appointment of Counsel is DENIED.

The request for discovery and expansion of the record is DENIED.

**PROCEDURAL HISTORY**

On July 24, 2003, the Government filed a Second Superseding Indictment against Movant and codefendants.

On November 20, 2003, Defendant pled guilty, pursuant to a plea agreement, to Count 1 of the Second Superseding Indictment.

On June 4, 2004, the Government filed a motion for downward departure as to Phillip Dunn.

On June 7, 2004, Movant filed a motion for downward departure.

On June 21, 2004, the Court granted the Government's motion for downward departure and denied Movant's motion for downward departure. The Court sentenced Movant to 100 months imprisonment and 10 years supervised release.

On December 29, 2004, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Motion contained a "Request for Discovery and Expansion of the Record."

On the same date, Movant filed a motion for appointment of counsel.

On January 27, 2005, the Government filed a response to the Motion.

**ANALYSIS**

I. **INEFFECTIVE ASSISTANCE OF COUNSEL**

Movant has not demonstrated any deficiency by his counsel,

or that any of counsel's alleged errors prejudiced Movant.

### Standard of Review

A habeas corpus movant must make two showings to succeed on an ineffective assistance of counsel claim. First, he must demonstrate that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). Establishing deficient performance requires proving that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, the movant must show that the deficient performance prejudiced him by affecting the outcome of his case. Id. The movant must demonstrate that "but for his counsel's ineffectiveness, the result of his proceedings would have differed." Riggs v. Fairman, 399 F.3d 1179, 1182 (9th Cir. 2005).

Where a movant alleges ineffective assistance of counsel at sentencing, the second prong of the Strickland test requires that movant's sentence would have been lower but for counsel's deficient performance. Berkey v. United States, 318 F.3d 768, 774 (7th Cir. 2003), cert. denied ___ U.S. ___, 124 S. Ct. 2194 (2004).

### A. Deficient Performance by Counsel

Movant argues that his counsel at sentencing was deficient for failing to object to or appeal the calculation of Movant's Criminal History Category. Movant was assessed three criminal

4

history points for each of his two prior drug convictions pursuant to the United States Sentencing Guidelines Manual § 4A1.1(a). Movant argues that he should have been assessed two points for each conviction, pursuant to § 4A1.1(b), because he served less than one year of each sentence. He also alleges he should have been in Criminal History Category IV rather than Category V. The Government points out that an assessment of three points for each prior conviction was proper. Movant was sentenced to five years probation for his 1996 conviction. The probation was revoked at the time of his 1999 conviction. Movant received twenty-year sentences for each the 1996 and the 1999 convictions.[1] (Presentence Investigation Report, ¶¶ 45, 47.)

Counsel's performance at sentencing was not deficient. First, Movant has not demonstrated that the calculation of his criminal history was erroneous. See U.S. Sentencing Guidelines Manual § 4A1.2(k)(1) (in case of revocation of probation or

---

[1] Movant's brief, the Government's brief, and the Presentence Investigation Report are inconsistent as to Movant's sentences in the two underlying convictions. Movant's brief states that he was sentenced to three months imprisonment for the 1996 conviction and six months for the 1999 conviction. (Memo. in Supp. of Mot. for Relief Pursuant to 28 U.S.C. § 2255 at 2.) The Government's brief says Movant was sentenced to probation for each conviction, but that probation was revoked. (United States Opp. to Mot. Under 28 U.S.C. § 2255 at 7.) The Presentence Investigation Report, as well as Hawaii State Court records possessed by the United States Probation Office, indicate that Movant was sentenced to probation for the 1996 offense. The probation was revoked after Movant's conviction for the 1999 offense, and Movant was sentenced to 20 years for each offense.

5

parole, add the original term of imprisonment to any term of imprisonment imposed upon revocation). Second, even if the calculation of Movant's criminal history was incorrect, Movant's counsel vigorously argued for the reduction of Movant's criminal history from Category V to Category IV, although not on the grounds that Movant now raises. The Court rejected the arguments of Movant's counsel that Movant should have been placed within Criminal History Category IV. (Sentencing Hearing Tran. 9:1-9:21.)

### B. Prejudice

Movant was not prejudiced by counsel's alleged deficiency. Movant has not demonstrated that he would have received a lower sentence but for counsel's deficiency. Movant faced a statutory minimum of life imprisonment without release at sentencing unless the Court departed downward. Both parties moved for a downward departure at sentencing. The Government argued that the Court should apply a Guidelines range of 100 to 125 months based on an Offense Level of 25 and a Criminal History Category of five.[2] (Sentencing Hearing Tran. 7:5-7:7.) Movant, through counsel,

---

[2] The Presentence Investigation Report, as adopted by the Court, found that the Movant was not a career offender pursuant to United States Sentencing Commission Guidelines Manual § 4B1.1. The finding that Movant was not a career offender lowered the Guideline calculation for Movant in the event the Court departed downward below the mandatory minimum. The finding did not change Movant's minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b).

6

requested the Court apply a Guideline range of 18 to 24 months, based on an Offense Level of 12 and Criminal History Category of four. (Def.'s Motion for Downward Departure at 7.) The Court granted the Government's motion for downward departure and denied Movant's.

The Court departed downward due to Movant's substantial assistance. The Court, by departing downward, had the discretion to lower Movant's Base Offense Level below 25 based on the substantial assistance, and to sentence Movant to lower than 100 months. 18 U.S.C. § 3553(e); U.S. Sentencing Guidelines Manual § 5K1.1; <u>United States v. Lee</u>, 399 F.3d 864, 867 (7th Cir. 2005)(when departing downward for substantial assistance, judge has discretion unfettered by factual findings averse to accused). The Court's comments at the sentencing hearing demonstrate both that Movant's counsel, Mr. Schweigert, was not deficient, and that the Court was unwilling to sentence Movant below 100 months based on the facts Movant had admitted:

> Now, I think it's very important to recognize, coming into the court, where you stand. And coming into this situation, based on your past behavior, the law says that you would get a life sentence. It's a mandatory minimum. ... Now enter Mr. Schweigert, and a careful attention to detail, and a diligent application of other aspects of the law -- got you out from under the high -- category six, and got your offense level reduced down. So you are then reduced down, based on Mr. Schweigert's work, down to level five and a range of 100 to 125.
> (Sentencing Hearing Tran. 14:3-14-20.)
>
> Now, Mr. Schweigert has gotten your sentence, your possible sentence, down, as I said, from the much higher end, but to

think that we are going to go down below that is not really
dealing with the actual facts of your situation.
(Sentencing Hearing Tran. 15:7-15:11.)

And I think that -- you know, in reality, you should be
jumping up and down that Mr. Schweigert got you out from
under the life sentence, and that we're only talking about a
range of 100 to 125.
(Sentencing Hearing Tran. 17.3-17.7.)

The Court also denied Movant's motion to further depart downward, demonstrating that the Court was unwilling to sentence Movant any lower than 100 months had Movant's counsel made the arguments Movant now makes in his habeas motion pursuant to § 2255.

## II.  SIXTH AMENDMENT VIOLATIONS

### A.  Booker and Blakely

Movant argues that his sentence violated the Sixth Amendment of the United States Constitution pursuant to Blakely v. Washington.  The holding in Blakely was applied to the United States Sentencing Guidelines in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005).  Booker held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Id. at 756.

Movant argues that the Court engaged in impermissible fact-finding when it added three points to his Criminal History Level

calculation. The Court found that Movant's commission of the present offense occurred within two years of his release from prison and while he was on probation for prior crimes. Movant's Blakely and Booker argument fails.

Blakely and Booker do not affect Movant's sentence. Movant admitted to two prior felony drug convictions. The Court was authorized to sentence Movant to life imprisonment based on the facts he admitted and his prior convictions without adding any points to Movant's criminal history. Movant's sentence of 100 months was below the statutory maximum as defined in Blakely and Booker.

**B. Waiver**

Movant waived his right to appeal his sentence and to collaterally challenge his sentence on any issue except ineffective assistance of counsel. Movant's collateral attack on his sentence pursuant to Blakely and Booker does not involve ineffective assistance of counsel. Several courts of appeals have held that appeal waivers in plea agreements entered into prior to the Blakely decision preclude appeals filed after Blakely. United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005); United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005); United States v Bradley, 400 F.3d 459, 465 (6th Cir. 2005). Movant's waiver of his right to collaterally challenge his sentence on issues other than ineffective assistance

9

precludes his Blakely argument.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is required if the movant is financially eligible and an evidentiary hearing is mandated or to prevent a due process violation. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) cert. denied 481 U.S. 1023 (1987). If an evidentiary hearing is not necessary to resolve a habeas motion, appointment of counsel is discretionary and turns on a movant's ability to articulate his claims in light of the complexity of the issues and his likelihood of success on the merits. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). A district court may appoint counsel to represent a habeas movant whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A. The decision to appoint counsel is within the discretion of the district court, and discretion is only abused when counsel is constitutionally required. Knaubert, 791 F.2d at 728. Counsel is not constitutionally required in the present case. The motion can be decided on legal grounds without an evidentiary hearing. The interests of justice also do not require appointment of counsel as counsel on the present Motion would not affect the outcome.

### IV. REQUEST FOR DISCOVERY AND EXPANSION OF THE RECORD

Movant requests that the Court "compel the government to

10

provide its records of any cases in which the government was compelled or chose not to enhance a sentence pursuant to USSG 4A1.1(d) and/or (e) in light of the court's findings in Ameline and Blakely." The information Movant requests is irrelevant to the Motion and would not affect the outcome.

### CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED THAT:

1. Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.

2. The Motion for Appointment of Counsel is DENIED.

3. The Request for Discovery and Expansion of the Record is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 4, 2005.

Helen Gillmor
United States District Judge

---

Dunn v. United States of America, Civil No. 04-00755 HG-LEK; Criminal No. 02-00523 HG-06; **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING REQUEST FOR DISCOVERY AND EXPANSION OF THE RECORD**